UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BERETANIA WILSON** | **CIVIL ACTION NO. 23-325-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Beretania Wilson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 9, 2023. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. Plaintiff names Steve Prator, Deputy Staff, and the Medical Staff as defendants.

Plaintiff has been housed at Caddo Correctional Center for eight months. He claims he has not had proper and effective representation of counsel.

Plaintiff claims his housing conditions are poor. He claims there is black mold in every shower and the cell vents. He claims inmates are on lockdown 23 hours a day and inhale mold all day.

Plaintiff claims staff members move inmates away from the cameras and beat them. He claims staff members taser inmates while they are in the showers. He claims staff

members make inmates sleep on iron for disciplinary purposes. He claims the medical staff is not up to par and commits malpractice. He claims he has blood in his stool and the medical staff is only giving him pills for his condition. He claims inmates are not transported to hospitals for medical observation.

Plaintiff claims a young man jumped off the top tier and injured his head. He claims the police placed the injured inmate in a restraint chair and locked him down in mental health for one hour. He claims another inmate killed himself four weeks ago.

Plaintiff claims staff members are having sex with inmates. He claims staff members pay inmates to fight other inmates for trays and commissary. He claims the food service is scarce and harsh. He claims inmates are starving and Sheriff Prator tells the kitchen staff to feed the inmates small portions. He further claims inmates eat the same food every week. Plaintiff claims the commissary prices are outrageous.

Accordingly, Plaintiff seeks justice and help for inmates and monetary compensation. For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Exhaustion of Administrative Remedy Procedure**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit. See Woodford

v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378. The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies. Plaintiff admits that he did not file a grievance in the administrative remedy procedure [Doc. 1, p.2]. Accordingly, Plaintiff's claims regarding his conditions of confinement should be dismissed for failure to exhaust.

**Ineffective Assistance of Counsel**

Plaintiff claims he has been denied effective and proper assistance of counsel. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under

color of state law.  Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state.  They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed.  Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983.  See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims regarding ineffective assistance of counsel and improper representation should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law

or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's civil rights claims regarding conditions of confinement should be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1917e(a) and his civil rights claims regarding ineffective and improper assistance of counsel should be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 19th day of April, 2023.

Mark L. Hornsby
U.S. Magistrate Judge